RECEIVED

NOV - 2 2011

TONY R. MOORE, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

DAMIONE BROCK

CRIMINAL NO. 99-50101-04

JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion filed by Damione Brock ("Brock") pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. See Record Document 490. Based on the following, Brock's motion is **DENIED**.

## I. BACKGROUND

On November 18, 1999, a federal grand jury returned a seventeen count indictment against Brock and ten co-defendants. Brock was only charged in count one of the indictment, which alleged that he knowingly and intentionally conspired and agreed together with his co-defendants to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. See Record Document 1. Brock pleaded guilty to count one on April 17, 2000. See Record Document 256. The government filed a motion for a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines on August 22, 2000, and the court thereafter sentenced the defendant to 130 months of imprisonment. See Record Document 328. The term of

Brock's imprisonment was to run concurrently with an undischarged state court sentence and was to be followed by five years of supervised release. See Record Document 329. Brock's sentence was reduced to 84 months following a motion filed by the government pursuant to Federal Rule of Criminal Procedure 35 on July 12, 2002. See Record Documents 355 and 377.

On March 27, 2006, Brock was released from federal prison and began serving his five year term of supervised release. See Record Document 444. A hearing on a Petition to Revoke Supervised Release was held on July 24, 2007, following Brock's arrest for a domestic abuse incident. At the hearing, Brock's conditions of supervised released were modified to include a requirement that he enter and complete an anger management treatment program . See Record Document 449.

On July 18, 2009, while still on supervised release, Brock was again arrested and charged with resisting arrest by force, resisting arrest, disarming a police officer, battery on a police officer, speeding, possession of a Schedule II controlled dangerous substance, and possession of drug paraphernalia. On July 24, 2009, the United States Probation Office filed a Petition for Warrant or Summons for Offender under Supervision, and the court issued a warrant for Brock to show cause why his supervised release should not be revoked. See Record Document 469. According to the petition for warrant or summons, Brock had been stopped for speeding and when the officers attempted to question him,

2

he tried to flee.  During the struggle with the officers, Brock attempted to remove a firearm from one of the officers.  The officers had to use a taser to control him.  Once subdued, Brock was searched and approximately 200 grams of powder cocaine were found in his shoe.  At Brock's initial appearance on August 18, 2009, he admitted that there was probable cause to believe that he violated the conditions of his supervised release.  A final revocation hearing was set for August 26, 2009.  See Record Document 473.

At the final revocation hearing, Brock agreed, through counsel, that his supervision should be revoked but refrained from admitting the allegations contained in the petition due to pending proceedings in state court.  He was sentenced to sixty months of imprisonment with no additional term of supervised release to follow.  See Record Document 479.  Brock timely filed an appeal.  See Record Document 480.  The appeal was dismissed as frivolous after his attorney filed an Anders brief and the judgment affirming Brock's sentencing was entered on July 16, 2010.  See Record Document 485.  Brock then filed the instant motion on September 12, 2011, complaining that he did not receive due process because he was never personally asked to plead or admit the revocation facts and that his counsel failed to investigate the underlying constitutional violations surrounding his arrest.[1]  See Record Document 490.

---

[1]The revocation of Brock's supervised release is a sentence and is, therefore, properly challenged under 28 U.S.C. § 2255.

3

## II. LAW AND ANALYSIS

**A.    Colloquy During Revocation Hearing**.

Brock asserts that the court never allowed him to admit, deny or plead to a violation of his supervised release.  He alleges that the Assistant Federal Public Defender indicated to the court that Brock was admitting to the revocation, but that he was not personally addressed by the court.   However, the transcript of the hearing indicates that Brock was addressed by the court during the hearing.  The following is one exchange that took place between Brock and the court:

Court:      If you wish, you should speak.  If you don't wish to speak, you should let her [the Assistant Federal Public Defender] do your talking.  It's up to you.

Defendant:  Well, there ain't really much I can say, because I did — everything I done was dumb this time. I knew better.  And I got caught with the cocaine.  It hadn't been something I done every day or week to week.

Record Document 483 at 6.

Federal Rule of Criminal Procedure 32.1 is the rule that governs the procedures for the revocation of supervised release.  The rule provides that the defendant is entitled to "an opportunity to make a statement and present any information in mitigation."  Fed. R. Crim. P. 32.1(b)(2)(E).  The rule does not specify that the court allow the defendant to personally address the court or that the

4

court address the defendant personally, as is required in Federal Rule of Criminal Procedure 32, which governs sentencing.[2] Rule 32.1 was amended in 2005 and the comments to the rule state that

> [t]he amended rule recognizes the importance of allocution and now explicitly recognizes that right at Rule 32.1(b)(2) revocation hearings, and extends it as well to Rule 32.1(c)(1) modification hearings where the court may decide to modify the terms or conditions of the defendant's probation.   In each instance the court is required to give the defendant the opportunity to make a statement and present any mitigating information.

Fed. R. Crim. P. 32.1, Advisory Committee Notes, 2005 Amendments.

Brock contends that this court denied him due process during his revocation proceeding.  The Supreme Court case of <u>Morrissey v. Brewer</u>, 408 U.S. 471, 488-89, 92 S. Ct. 2593 (1972), set forth the minimal requirements of due process for a revocation proceeding.  These were later codified in Federal Rule of Criminal Procedure 32.1.  Brock seems to assert that the requirement that he have the "opportunity to be heard in person and to present witnesses and documentary evidence" was violated.  <u>Morrissey</u>, 408 U.S. at 488-89, 92 S. Ct. 2593.  However, "if the court determines that a defendant has admitted the alleged violations of

---

[2]Federal Rule of Criminal Procedure 32, which is entitled "Sentencing and Judgment," provides that the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii).

supervised release, 'the procedural safeguards announced in <u>Morrissey</u> are unnecessary,' except that the defendant 'must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.'" <u>United States v. Jiminez-Laines</u>, 354 F. App'x 889, 893 (5th Cir. 2009) (citing <u>United States v. Holland</u>, 850 F.2d 1048, 1050-51 (5th Cir. 1988)).  As evidenced by Brock's exchange with the court, he admitted that he possessed cocaine. Furthermore, his lawyer further admitted on his behalf that "his supervision should be revoked" and that Brock was "prepared to have his supervision revoked." Transcript of Revocation Proceeding at 2-3.

It is clear from the transcript of the exchange between the court and the defendant that the court personally addressed the defendant and the defendant personally addressed the court and admitted violating his supervised release by conceding that he possessed cocaine.  Brock was given the opportunity to speak at his revocation hearing and in doing so, admitted his guilt to the violation of his supervised release:

> COURT:  But I want to hear from you before I make a sentence.  If you wish to speak, you are allowed at sentencing to have allocution with the judge.  Talk.

Transcript of Revocation Proceeding at 6.[3]  Therefore his claim that he was not allowed to admit, deny or plead to a violation of his supervised release must fail.[4]

## B.    Ineffective Assistance Of Counsel--Failure To Investigate.

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Brock must prove that (1) his counsel's actions fell below an objective standard of reasonable-ness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The first prong of the Strickland analysis requires a showing by Brock that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.  The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." United States v.

_____

[3]The transcript of the revocation proceeding is replete with statements made by Brock to the court wherein he attempted to explain his behavior.

[4]Furthermore, Brock's complaint as to this issue "is ordinarily not grounds for a collateral attack upon a sentence previously imposed upon conviction." United States v. Turner, 741 F.2d 696, 698-99 (5th Cir. 1984) (citing Hill v. United States, 368 U.S. 424, 426, 82 S. Ct. 468 (1962)).

Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotations and citation omitted).  In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Brock may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Brock must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  To satisfy the prejudicial prong of the Strickland test, Brock must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438 (5th Cir. 2004).  If Brock fails to establish either prong of the Strickland test, then his claims of ineffective assistance of counsel must fail.

Brock alleges that the Assistant Federal Public Defender was ineffective in that she failed to adequately investigate the facts and defense of the state court

8

charges about which he believed substantive suppression issues existed. He specifically complains that she failed to investigate the underlying facts of the state court matter before informing this court that he admitted to the supervised release violation.

In <u>Strickland</u>, 466 U.S. at 691, 104 S. Ct. at 2066, the Supreme Court stated:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

"So long as counsel made an 'adequate investigation,' any strategic decisions made as a result of that investigation fall within the wide range of objectively reasonable professional assistance." <u>Smith v. Cockrell</u>, 311 F.3d 661, 668 (5th Cir. 2002) (citation omitted), <u>overruled on other grounds by</u> <u>Tennard v. Dretke</u>, 542 U.S. 274, 283-84, 124 S. Ct. 2562, 2569-2570 (2004). In this case, Brock points to nothing in the record to evidence his claim that an adequate investigation was not had. However, even if his assertion is taken as true, Brock must still demonstrate that his counsel's alleged failure resulted in prejudice to him. <u>See</u> <u>Lockhart v. McCotter</u>, 782 F.2d 1275, 1282 (5th Cir. 1986). Brock has failed to do so. He has not pointed

to any particular evidence or testimony which might have been gleaned from further investigation.  Nor has he demonstrated that "there is a reasonable probability that, but for counsel's failure to investigate, the result of the proceeding would have been different."  Murray, 736 F.2d at 282.

Brock was arrested on July 18, 2009, after being stopped for a routine traffic stop and was found to be in possession of a Scheduled II controlled dangerous substance.  Counsel's failure to investigate the state court charges was clearly not unreasonable and did not prejudice Brock.[5]  Accordingly, his claim must fail.

### III. CONCLUSION

For the above cited reasons, Brock's section 2255 motion is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ___ day of November, 2011.



JUDGE TOM STAGG

---

[5]Furthermore, the Fifth Circuit has held that the exclusionary rule does not apply to the revocation of a supervised release hearing unless the defendant can demonstrate police harassment.  See United States v. Montez, 952 F.2d 857-59 (5th Cir. 1992).